*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson, USBJ* (609) 858-9351

## LETTER DECISION

August 3, 2021

Craig L. Levinsohn, Esquire
Aronsohn, Weiner & Salerno
263 Main Street
Hackensack, NJ 07601

Paul J Maselli, Esquire
Maselli Warren, PC
600 Alexander Road
Suite 3 - 4 A
Princeton, NJ 08540

Harry M. Gutfleish, Esquire
Gutfleish Law, LLC
Three University Plaza
Suite 410
Hackensack, NJ 07601

          Re:    ReadyCap Lending, LLC v. Deepak N. Lalwani
                  Adversary Proceeding No. 21-1251

                  Motion to Dismiss Adversary Proceeding (Doc. 5) and
                  Cross Motion for Leave to Amend Complaint (Doc. 12)
                  Hearing Date: August 3, 2021 – 10:00 a.m.

Dear Counsel:

      The defendant's Motion to Dismiss and plaintiff's Cross Motion to Amend the Complaint were on the court's July 27, 2021 calendar. The parties did not appear to present oral argument and the court closed the record.[1] The court has considered the Motion to Dismiss [Doc 5]; Cross

---

[1] D.N.J. LBR 9013-3(d) provides that in contested matters a party that filed papers may present oral argument on the return date of the motion at their discretion.

1

Motion for Leave to Amend [Doc 12]; and Opposition to Cross Motion [Doc 15] and renders the following proposed findings of fact and conclusions of law.[2]

The original complaint contained counts under 11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(6); 11 U.S.C § 727(a)(2)(A); and 11 U.S.C. § 727(a)(2)(B). As part of its Crossmotion, ReadyCap Lending, LLC ("ReadyCap") attached as an exhibit a proposed amended complaint. The proposed Amended Complaint removed the two original 523 counts and added two counts under 11 U.S.C. § 523(a)(4). The 727 counts remained the same.

When presented with a proposed amended complaint a court should consider the motion to dismiss based on the proposed complaint rather than the existing complaint.[3] Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given, in the absence of circumstances such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment.[4] Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss.[5]

Counts I and II

The defendant, Deepak Lalwani, presents two arguments in support of dismissal of these counts: 1) that the amendment does not relate back to the original complaint so it is time barred; and 2) that the counts do not present a claim upon which relief can be granted.

Rule 4007(c) of the Federal Rules of Bankruptcy Procedure sets the time within which a complaint under section 523 may be filed. In this case, that deadline was April 19, 2021, and it is undisputed that the original complaint was timely. While ReadyCap's original claims under sections 523(a)(2) and 523(a)(6) met that deadline, its proposed amended complaint asserting claims under section 523(a)(4) clearly did not. So, the question becomes whether the new section 523(a)(4) counts relate back to the filing date of the original complaint.

Federal Rule of Civil Procedure 15(c)(1)(B) provides that an amended pleading relates back to the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." It has been noted that "[r]elation back is structured to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits."[6] In *Glover*, the Third Circuit found that relation back required more than merely "the presence of overlapping facts between the two pleadings."[7] The focus of a Rule 15(c) analysis is

---

[2] On July 29, two days after the hearing on the motions, counsel for ReadyCap submitted a letter requesting permission to file a sur-reply. Since the record was closed and counsel had not requested an adjournment prior to the hearing date so that a sur-reply may be filed, the court denied the request as untimely.
[3] *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)
[4] *Foman v. Davis*, 371 U.S. 178, 182 (1962)
[5] *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.), *cert. denied*, 464 U.S. 937 (1983)

[6] *Glover v. FDIC*, 698 F.3d 139, 145 (3d Cir. 2012) (internal citation omitted)
[7] *Id.*

"whether the original complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint."[8]
This court finds that a complaint based on fraud in the creation of a debt (which is the focus of 523(a)(2) and (a)(6)) does not puts a defendant on notice of allegations of improperly fulfilling a fiduciary duty (which is the focus of 523(a)(4)).[9] The
facts supporting the allegations in the proposed amended complaint of breach of fiduciary duty were not contained in the original complaint and they do not clarify the original counts, but rather present an entirely different cause of action. Accordingly, the amendment does not relate back to the original complaint and is therefore time barred.

Alternatively, the court finds that Count I of the proposed amended complaint is futile because it would not survive a renewed motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) provides that a claim for relief may be dismissed for "failure to state a claim upon which relief can be granted." The Supreme Court tightened the pleadings standards when it issued its opinions in *Bell Atlantic Corp. v. Twombly*[10] and *Ashcroft v. Iqbal*.[11]  The Third Circuit has observed that post-*Twombly* the Supreme Court's formulation of the pleading standard can be summed up as:

> stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply     calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.[12]

Even under the heightened pleading standard imposed by *Twombley* and *Iqbal*, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[13]

The underlying dispute in this matter arises from a 2016 transaction in which Stryton Minerals & Resources, LLC ("Stryton") executed a Promissory Note in favor of ReadyCap, evidencing a United States Small Business Administration  loan made by ReadyCap to Stryton in the amount of $2,400,000 ("Note"). The defendant, Mr. Lalwani, signed the Note as the authorized manager of Stryton. Mr. Lalwani also personally guaranteed the Note.

Count I of the proposed amended complaint focuses on the alleged misdeeds of Stryton in failing to make timely payments under the Note or to make ReadyCap aware of a Membership Interest Transfer Agreement in 2017 which allegedly violated the terms of the SBA loan. Glaringly absent from Count I is any factual basis to support the plaintiff's position that Mr.

---

[8] *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008)
[9] *See*, 6A Wright et al., Federal Practice & Procedure § 1497 ("Although not expressly mentioned in the rule, ... courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading. Only if the pleading has performed that function ... will the amendment be allowed to relate back....")
[10] 550 U.S. 544 (2007)
[11] 556 U.S. 662 (2009)
[12] *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)
[13] *McTernan v. City of York, PA*, 564 F.3d 636, 646 (3d Cir. 2009)

Lalwani as an individual, as opposed to as a manager of Stryton, owed any fiduciary duty to ReadyCap. The proceeds of the loan were paid to Stryton not to Mr. Lalwani. There are no facts alleged in the complaint that even "raise a reasonable expectation that discovery will reveal evidence of the necessary element."[14]  Even if the court focuses on the fact that Mr. Lalwani personally guaranteed the underlying debt, it cannot find that Count I states a cause of action. An alleged default under the Note and guaranty cannot form the basis of a claim under section 523(a)(4). Numerous courts have held that "obligations inherent in an ordinary, arm's length commercial relationship, whether such duties are created by contract, common law, or statute'" do not fall within § 523(a)(4)."[15]

By contrast, Count II of the proposed amended complaint does allege a fiduciary duty. It states in paragraphs 89 and 90 that Styron became insolvent as early as September 2018, and that when an LLC becomes insolvent, the members of the company have a fiduciary duty to the creditors of the company to preserve the assets of the company for the benefit of creditors. The Third Circuit has found in dicta that the common law fiduciary duty that members of a corporation owe to creditors once a corporation becomes insolvent is sufficient to support a claim under 523(a)(4).[16]  Mr. Lalwani argues that the proposed amended complaint does not contain any factual support for the allegation that Styron was insolvent. While at first blush that may appear to be a conclusory statement not entitled to deference by this court, a close examination of the complaint reveals that it contains allegations that Styron was not making payments as they came due and that is sufficient at this stage. A more pressing problem arises because there are conflicting assertions regarding whether Mr. Lalwani was a member of Stryton. Mr. Lawani being a member of Stryton is essential to ReadyCap's allegation that Mr. Lalwani owed a fiduciary duty to Stryton's creditors upon insolvency. In paragraph 9 of the proposed amended complaint it asserts: "The Managing Member of Stryton is the Debtor, Deepak Lalwani …." Conversely, the defendant states that "ReadyCap readily acknowledges that Mr. Lawani was not a member of Stryton."[17] This conflict could potentially be resolved by allowing ReadyCap to file an amended complaint, but, as previously stated, a new cause of action under 523(a)(4) is time barred.

For the foregoing reasons, the court finds that Counts I and II of the proposed amended complaint are futile because they would not withstand a renewed Rule 12(b)(6) motion.

Counts III and IV

Counts III and IV of the proposed amended complaint were unchanged from the original complaint, so there is no allegation that they are not timely. The only issue on the Motion to Dismiss is whether the counts fail to state a claim.

---

[14] *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)
[15] *In re Kohler*, 255 B.R. 666, 667-68 (Bankr. E.D. Pa. 2000); *see also, In re Coley,* 433 B.R. 476, 496 (Bankr. E.D. Pa. 2010) ("the § 523(a)(4) discharge exception is not designed to apply to debts arising from ordinary commercial or contractual relationships")
[16] *In re Docteroff*, 133 F.3d 210 (3d Cir. 1997). Because this is not a motion for summary judgment the court does not need to rule on whether a similar common law duty exists under Arkansas law (the jurisdiction in which Stryton was formed).
[17] Memorandum of Law in Opposition to Plaintiff's Cross-Motion for Leave to File Amended Complaint at 2

Count III of the proposed amended complaint is premised on section 727(a)(2)(A) which denies a debtor a discharge if he fraudulently transferred "property of the debtor, within one year before the date of the filing of the petition." This petition was filed on January 18, 2021. The only factual allegations supporting this Count are:

> 98. Debtor transferred or removed or permitted the transfer or removal of funds infused into Stryton in or about December 2017 by third-party investors in amount believed to be in excess of $2 million.
> 99. Debtor unilaterally determined and required that none of the aforementioned funds would be used to satisfy or reduce the indebtedness owing to Plaintiff.
> 100. Debtor deliberately concealed from Plaintiff that no funds infused into Stryton could be used to satisfy or reduce the indebtedness owing to Plaintiff.
> 101. Within one year before the Petition Date, Debtor transferred or removed, or permitted to be transferred or removed, his property, including (1) equity in Stryton and/or Terradev, and (2) funds from accounts, including those maintained in the names of Stryton and Terradev.

The relevant period for 727(a)(2)(A) purposes is from January 18, 2020 until the filing date of January 18, 2021. Yet, the proposed amended complaint does not point to a single transaction that occurred during that time. Another fatal flaw in the allegations in Count III is that it does not allege that any property of the debtor, as distinct from property of a corporation in which the debtor might have an interest, was transferred during the relevant period.[18] The bankruptcy court in *Lehmann*, considered whether a debtor's actions as an officer of two corporations could support a claim under § 727(a)(2) in the debtor's personal chapter 7 case and concluded that:

> A debtor who is a shareholder in a corporation will not be denied a discharge based on transfer of or injury to corporate property. The plaintiff has the burden to establish that the property is property of the estate. It is not because the debtor/shareholder is not the owner of property of the corporation. The property interest of the debtor and the debtor's estate is limited to the stock certificates.[19]

A similar conclusion was reached by the bankruptcy court in *Levine* where the court granted a Rule 12(b)(6) motion to dismiss a 727(a)(2)(A) count on the grounds that "[w]hen a debtor owns shares of a corporation, the shares are property of the debtor that become property of the bankruptcy estate when the bankruptcy is filed, but the assets of the corporation are not assets of the debtor and do not become property of the bankruptcy estate."[20] Since no transfers of debtor property within one year are alleged Count III fails to state a claim

Count IV is premised on § 727(a)(2)(B) which looks to fraudulent transfers of "property of the estate, after the date of the filing of the petition." As previously stated, Mr. Lalwani's

---

[18] *See, e.g., In re Thurman*, 901 F.2d 839, 841 (10th Cir. 1990) ("The words: 'Property of the debtor,' are not the same as 'property in which the debtor has a derivative interest.' To the contrary, the language of the statute is sufficiently circumscriptive to eliminate such an interpretation.")
[19] *BankUnited, N.A. v. Lehmann (In re Lehmann),* 511 B.R. 729, 735 (Bankr. M.D. Pa. 2014). *Accord*, *In re Hemken*, 513 B.R. 344 (Bankr. E.D. Wis. 2014)
[20] *Trivedi v. Levine (In re Levine)*, 2014 WL 7187007 at *2 (Bankr. N.D. Ill. Dec. 16, 2014)

chapter 7 petition was filed on January 18, 2021. The sole substantive allegation in Count IV is that "Debtor transferred or removed, or permitted the transfer or removal of funds from accounts maintained in the name of Stryton and/or Terradev."[21] There is no specific post-petition transfer that is referenced and no property of the Debtor (as opposed to Stryton and Terradev) that is referenced. As a result, Count IV suffers from the same deficiencies as Count III and is futile because it would be subject to dismissal under Rule 12(b)(6).

In conclusion, because of the futility of amendment the court is denying the Cross Motion to Amend and granting the Motion to Dismiss. .

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge

---

[21] Proposed Amended Complaint at para. 107